482 S.E.2d 776

## In the Matter of An ANONYMOUS MEMBER OF THE SOUTH CAROLINA BAR, Respondent.

Supreme Court of South Carolina.

March 10, 1997.

## ORDER

In this attorney disciplinary matter, respondent is alleged to have committed ethical misconduct by acting as a surety for a client. The record reveals that, while he was representing

two clients on criminal charges, respondent signed bond forms as a surety to obtain the clients' release pending trial.

Rule 604(a), SCACR, provides, in part:

(a) An attorney or other officer of any court of this State shall not:

(1) Be, directly or indirectly, a surety upon a any recognizance or undertaking in any court of this State;

(2) Be, directly or indirectly, involved in the surety business or in business with any person or persons becoming surety upon any recognizance or undertaking in any court in this State;

(3) Refer a person, directly or indirectly, to any surety or bondsman who is an immediate family member of the attorney or court officer. An immediate family member includes the spouse, father, mother, father-in-law, mother-in-law, son, daughter, brother, sister, brother-in-law, and sister-in-law.

■ It is clear that respondent violated Rule 604, conduct which we do not condone. However, a finding has been made by the Board of Commissioners on Grievances and Discipline (Board) that he did not do so intentionally. The Board found credible respondent's assertion that he would not have violated the rule had he been aware of its existence. Under the circumstances of this case, we do not believe that the imposition of any disciplinary sanction is appropriate, but do caution respondent not to violate Rule 604 in the future.

■ Further, in light of the fact that many members of the South Carolina Bar may be unaware of the requirements of Rule 604, SCACR, we take this opportunity to remind the Bar of the restrictions contained in the rule. While a violation of this rule is punishable by contempt, Rule 604(c), SCACR, it also constitutes a ground for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR.

/s/ Ernest A. Finney, Jr. C.J.

/s/ Jean H. Toal A.J.

/s/ James E. Moore A.J.

/s/ John H. Waller A.J.

/s/ E.C. Burnett, III A.J.